UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL ROBERT PERSKY,<br><br>         Petitioner (Defendant),<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>         Respondent (Plaintiff). | Case No. 2:13-CV-00541-EJL<br>              2:12-CR-00012-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court in the above entitled matter is Petitioner Michael Robert Persky's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Dkt. 1 in civil case, Dkt. 189 in criminal case). The Government filed its answer to the motion on April 14, 2014 (Dkt. 22). Without leave of the Court, Persky filed a supplemental memorandums (Dkt. 9, 12, 16, 28, 30). The Court stayed the case pending a decision by the United States Supreme Court in 2016 relating to recalling a jury after the jury is discharged. The Court allowed supplemental briefing after the Supreme Court's ruling in *Dietz v. Bouldin*, __ U.S. __, 136 S. Ct. 1885 (2016). The motion is now ripe for the Court's consideration and the Court finds Persky's § 2255 motion should be denied.

ORDER- 1

## FACTUAL BACKGROUND

A jury convicted Persky of eighteen counts of mail and wire fraud on October 19, 2012. Dkt. 101. After the verdict was accepted by the Court, it was discovered that the jury did not have all pages of *one* exhibit when they deliberated. Within 35 minutes of the verdict being received by the Court and the jurors excused, counsel for the government discovered the exhibit issue. The Court immediately directed the jury commissioner to call all jurors and advise them that an issue had come up and further deliberations maybe be required. *See* Minutes, Dkt. 95. The jurors were instructed not to discuss the case with anyone, to heed the admonitions of the Court previously given and to report back to the courthouse the next time the Court was in Coeur d'Alene, Idaho the first week of November. *Id.*[1]

Counsel for Persky moved for a mistrial. The Court requested briefing. Defendant's brief was filed on October 29, 2012 and the Government's response was filed on November 1, 2012. Dkts. 103 and 105. The Court issued its ruling denying the motion for a mistrial on November 2, 2012. Dkt. 106. Due to the unavailability of some of the jurors in early November, the Court continued the matter to December 3, 2012, the next time the Court was in Coeur d'Alene. Dkt. 106.

On December 3, 2012, the jurors returned to the courthouse and the Court confirmed no juror had discussed the case since they were excused on October 13, 2012

---

[1] The District of Idaho covers the entire state of Idaho. The Court hears matters in Boise, Pocatello and Coeur d'Alene. The Court travels to Coeur d'Alene once a month.

**ORDER- 2**

and there were no reasons which prevented any juror from continuing to sit as a qualified juror in this matter. Transcript, Dkt. 164. The Court instructed the jury on the situation, read one additional jury instruction and allowed argument by counsel. *Id.* The jury deliberated and after an hour and 25 minutes, returned a new verdict finding Persky guilty on the same 18 counts (Counts 1-12 and 13-20). *Id.,* Minutes, Dkt. 115[2], and Second Verdict, Dkt. 116.

On February 4, 2013, Persky was sentenced to 24 imprisonment on each count to run concurrently and three years of supervised release on each count to run concurrently, $100 special assessment on each count as well as a $1,000 fine on each count plus restitution in the amount of $92,636.61. Judgment, Dkt. 139, Amended Judgment dated March 7, 2013, Dkt. 153. A Final Order of Forfeiture was entered by the Court. Dkt. 172.

Petitioner did not file a direct appeal. Petitioner timely filed his § 2255 motion on December 30, 2013. In his motion, he claims ineffective assistance of counsel because his counsel failed to file a direct appeal, failed to move the Court to sever his trial from the trial of his co-defendant, failed to renew his motion for a mistrial. Persky claims his rights under the Double Jeopardy clause were violated when the jury deliberated a second time.

---

[2]The Minutes are dated "10/10/12" but this is a typographical error. The docket notes that additional attachments were added to the Minutes on 12/10/2012. The Court confirmed the contents of the Minutes by examining the Transcript of 12/3/2012, Dkt. 164.

**ORDER- 3**

**STANDARD FOR EVIDENTIARY HEARING**

Pursuant to 28 U.S.C. § 2255, the Court recognizes that a response from the government and a hearing are required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief...." Furthermore, a hearing must be granted *unless* the movant's allegations, "when viewed against the record, either fail to state a claim for relief or are 'so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir.); *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985). However, a district court may summarily dismiss a Section 2255 motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief...." Rule 4(b), Rules Governing Section 2255 Proceedings in the United States District Court. Thus in order to withstand summary dismissal of his motion for relief under Section 2255, defendant "must make specific factual allegations which, if true, would entitle him to relief on his claim." *United States v. Keller*, 902 F.2d 1391, 1395 (9th Cir. 1990). In the present case, the legal issues do not require an evidentiary hearing.

**ANALYSIS**

1.   <u>Ineffective Assistance of Counsel Claims.</u>

A Petitioner claiming ineffective assistance of counsel must allege specific facts which, if proved, would demonstrate that (1) counsel's actions were "outside the wide range of professionally competent assistance," *and* (2) "there is a reasonable probability

ORDER- 4

that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-690 (1984). Mere conclusory allegations do not prove that counsel was ineffective. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989). A defendant fails to state a claim for ineffective assistance if he fails to allege facts sufficient to meet <u>either</u> the "performance" <u>or</u> "prejudice" standard, and the district court may summarily dismiss his claim.

      The Court has reviewed the Petitioner's motion, and the entire record herein, and concludes that even assuming the Petitioner has alleged facts sufficient to state a claim of ineffective assistance of counsel, the Petitioner has failed to allege facts sufficient to satisfy the "prejudice" prong of the two part test of ineffective assistance of counsel. Specifically, the Petitioner has failed to demonstrate there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of his case would have been different.

      Persky had retained counsel represent him at trial. Counsel was an experienced criminal defense attorney. Persky claims his counsel did not explain his right to appeal and he was led to believe because he did not have the finances, he could not appeal. At the sentencing hearing, Persky admitted he got caught and that he had accepted the risk of his illegal actions to try to save his business. Sentencing Hearing Transcript, Dkt. 165. Persky is a sophisticated businessman and this was not his first criminal proceeding. Persky was specifically advised by the Court of his right to appeal. *Id.,* p.16. Contrary to Persky's allegations, his former counsel, Mr. Loats, provided an email dated

**ORDER- 5**

February 1, 2013, that he sent to Persky setting out the deadline to appeal and if he could not afford his services on appeal, the assistance of a public defender could be sought. Persky does not deny he received the email from his former counsel. Moreover, former counsel's affidavit states he also specifically discussed the right to appeal with Persky and Persky decided not to pursue an appeal. Dkt. 22-1. Therefore, the record is clear that Persky did not have ineffective assistance of counsel regarding being informed of his right to appeal, but instead he made the decision not to file a direct appeal. By failing to appeal, Persky waived his right to renew challenges to the Court's denial of the motion for a mistrial and other trial rulings.

     As to Persky's claim that his counsel was ineffective for failing to move to sever Persky's trial from that of his long term girlfriend, this claim lacks factual support. When Mr. Loats appeared on Persky's behalf, the Court already had a motion from Ms. Dunkel to sever. Loats did not object to the motion by Ms. Dunkel. The motion to sever filed by Ms. Dunkel was denied. So Persky cannot show that there was any prejudice from his counsel failing to file a second motion to sever. It is ultimately counsel's strategic decision, not the client's about whether or not to file a motion. *Wainwright v. Skyes*, 433 U.S. 72, 93 (1977).

     To the extent Persky is alleging ineffective assistance of counsel for his attorney not moving to dismiss based on the Double Jeopardy Clause, this is again not factually correct. Persky's counsel did object, move and file a memorandum setting forth why the Court should not allow the jury to return to deliberate again. This motion was denied.

**ORDER- 6**

Persky has failed to provide a legal basis in his § 2255 motion that would support his argument that counsel should have filed a motion for reconsideration. Absent legal authority that the Court was in error, counsel did not violate his professional duties by not filing a motion for reconsideration.  Persky could have raised this issue on appeal and decided not to file an appeal. This is not ineffective assistance of counsel, it is a ramification of deciding not to appeal. Persky has failed to show prejudice from counsel's decision not to file a motion for reconsideration.

Further, there was only one jury empaneled in this matter and Persky was only tried once on the charges. The fact that the jury revisited its verdict after the discovery of not having had a complete copy of one exhibit does not rise to the level of being tried twice or punished twice for the same crime under the Double Jeopardy Clause.

In a supplemental brief, Persky also claims counsel was ineffective for failing to file a statute of limitations motion. This again misstates the record. Counsel filed a motion to dismiss wherein he argued various counts in the indictment were barred by the statute of limitations. Dkt. 36. This motion was denied by the Court. Dkt. 83. There can be no claim of ineffective assistance of counsel when a motion was filed and the Court ruled against Defendant on the motion.

For these reasons all the claims of ineffective assistance of counsel are denied as Persky has failed to show assistance of counsel must allege specific facts which, if proved, would demonstrate that (1) counsel's actions were "outside the wide range of professionally competent assistance," *and* (2) "there is a reasonable probability that, but

**ORDER- 7**

for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-690 (1984).

      2.      Impact of *Dietz v. Bouldin*

Persky argues that based on the recent Supreme Court case, the Court should find excusing and recalling the jury is a basis to find his Constitutional rights were violated and his convictions in this matter should be vacated. The Court respectfully disagrees that such relief is required by the *Dietz* decision.

In *Dietz*, the Supreme Court determined in a civil matter a federal district court has the inherent power to rescind and recall a jury for further jury deliberations after identifying an error in the jury's verdict. 136 S.Ct. at 1893. The Court cautioned "[j]ust because a district court has the inherent power to rescind a discharge order does not mean it is appropriate to use that power in every case." *Id.* This Court agrees. But under the facts of this particular case and no objection having been voiced to the delay in having the jury reconvene, the recall process was proper.

The *Dietz* opinion set forth four factors that were relevant to determining if the recalling of the jury is proper. The Court finds that in applying the four factors set out in *Dietz*, the discharge and recalling of the jury in this particular case in the manner in which it occurred did not violate Persky's Constitutional rights. First, the delay between the discharge and the notification to the jurors they would need to deliberate again was less than an hour. Moreover, all of the jurors confirmed they did *not* discuss the case with third parties prior to receiving the call from the jury commissioner and returning to Court

**ORDER- 8**

to deliberate. There is no evidence that any smart phones or internet were accessed or relevant to this case. Additionally, it is the Court's standard practice to remove all cell phones from jurors while deliberating and the documents in this case were all hard copies, not electronic copies.

Second, while it is true based on the Court's calendar in northern Idaho it did have the jurors continue deliberations immediately, but such was not possible based on the availability of jurors and the Court. This is a judicial district with two district judges to cover the entire state and it is simply impossible for the Court to be in northern Idaho more than once a month based on its case demands in other areas of the state. Counsel did not object to the delay (only to the decision to reconvene the jury) and it is too late to object to the continuance of bringing the jury back in the § 2255 motion when such objection was forfeited. Also, defense counsel wanted the opportunity to brief the matter before the Court ruled on the motion for a mistrial which was part of the delay.

Third, the jury had the majority of Exhibit 14 when it originally deliberated and found the Defendant guilty on 18 counts. After being instructed by the Court, hearing the second closing arguments of counsel and reviewing the entire Exhibit 14, the verdicts did not change from the original guilty verdicts. The jury did not deliberate quickly. Instead, the jury deliberated for nearly an hour and half before it returned the same verdict.

It is clear to the Court that the missing part of the Exhibit 14 was not material determining whether the Government had proven the Defendant guilty beyond a reasonable doubt on each element of each charge. Moreover, the missing part of one

**ORDER- 9**

particular exhibit did not cause the jury to target other facts or arguments not previously presented. The arguments allowed when the jury reconvened were essentially the same arguments previously made by counsel.

Fourth, there is no indication the second verdict was an emotional reaction to first verdict or to the fact the jurors were called back to consider its verdicts in light of the complete Exhibit 14.

While there is a risk of prejudice when a jury is discharged and recalled, in this particular situation the jurors were notified immediately and there is no indication of any prejudice or undue third party influence on the jury. The Court inquired and the jurors responded they had not discussed or been exposed to potentially prejudical information since their discharge after the original verdicts.  If Persky believed he had a legal basis to appeal the denial of motion for a mistrial, improper jury deliberations or a Double Jeopardy claim, he should have filed a direct appeal.  For all these reasons, the Court finds this claim for relief must be denied.

## ORDER

**IT IS ORDERED**:

1) Persky's § 2255 Motion (Dkt. 1, and Dkt. 189) is **DENIED.**

2) Based on the denial of the § 2255 Motion all other pending motions filed by Persky are deemed **MOOT** [Dkts. 216 and 217 in criminal case, Dkts. 8, 11, 15, 16, 23, 24 (premature as no motion to appeal this Order has been filed), and 29].

DATED: **September 1, 2016**

~~Honora~~ble Edward J. Lodge
U. S. District Judge

**ORDER- 11**